Good morning. May it please the Court. I'm Carlos Lagine with the Center for Human Rights and Constitutional Law, representing the plaintiffs and appellants in this matter. This action concerns and appealed concerns the Citizenship and Immigration Services Administration of what's called the U-Visa program, which is a means by which the victims of particularly serious crimes can attain first non-immigrant status, temporary status, and then permanent resident status in the United States after three years. The action essentially challenges a number of rules and regulations and actions and inaction that the CIS took following the enactment of this law in 2000. And so I'm going to try to address very briefly the essence of the case. I understand that it may be somewhat complex, but I'm going to try my best to explain our position as clearly as possible. The first item here that I'd like to address is the district court's holding that these crime victims have no private right of action to challenge what I believe are clearly fairly straightforward statutory claims. And these are the claims that the CIS invented or added on to the statutory eligibility requirements, two requirements in their regulations. One is that the law enforcement certification, this is a part of the process of getting a U-Visa, is that you have to go to a law enforcement agency and get them to certify that you are helpful in their investigation or prosecution of the crime. And the regulations, unlike the statute itself, state that that has to be done within six months of filing the application for the U-Visa. A very simple allegation of the complaint is that that's nowhere in the statute, it makes no sense, and that it's essentially an add-on, something which the agency is not allowed to do to alter the terms of eligibility that Congress has prescribed. The second such claim is that the regulations require that there be the law enforcement certification be signed by the head of the law enforcement agency or his or her designee, specific designee, whereas the statute contains nothing about that and, in fact, makes a distinction between. Let me ask you about the first requirement. Do any of the named plaintiffs, are they in a position where they were rejected because their certificate was stale? We have one, yes, Your Honor. There is a bit of a problem with much of the timing in this case in the named plaintiffs' claims because this was a moving target from the time we filed the litigation. So the complaint is not going to allege that because, frankly, they had not accepted any U-Visa applications at that time. We do have one plaintiff, named plaintiff in this litigation, who has subsequently had that problem because her law enforcement certification was signed less, more than six months before she managed to apply. You know, beyond that, there are going to be a number of those same kinds of problems with many of the plaintiffs in this litigation. Which one is that? Is that Silva or? Silva, yes. I believe that's her. I can confirm that. I don't want to – there's a number of plaintiffs in this, and I would – I'll confirm that later on and send some sort of a letter or something for me. But I think my main point is this. The – much of what you allege is highly hypothetical. Like, you know, this wasn't an alleged complaint. This happens – happened along the way. We don't know that the certificate has been rejected. Has her certificate been rejected for being – for being stale? Yes, I believe it has. And we have just another – recently another client in our office had – was rejected for a certificate being stale. I think that's probably erased from an administrative appeal from the denial of a adjustment of status or whatever you call it. You know, at that point, you have a concrete case where they actually – I mean, for all I know, if a certificate is nine months old, it might say close enough. I mean, I'm not saying they do. I'm just – I don't know. Whereas if it's six years old, it might say, well, that's a long time ago. Much of what you allege is sort of hypothetical in a way. Why are these best – these claims best adjudicated in individual cases when we get a concrete case, a concrete denial of relief based on one of these requirements, and we say, well, here's how it's applied. We – you know, we can make the same legal rulings in that context. Well, the reason that so many of this – much of this has not appeared in the pleadings yet is because – well, there's two reasons. One is because for a long time, until very recently in fact, the agency had not issued the nonimmigrant regulations and wasn't accepting or adjudicating any applications for nonimmigrant visas, U visas. Therefore, there was no opportunity for someone to go in and get a rejection. Now, once those regulations had been issued and we began the process of putting people through the system, the district court, before we could actually get any decisions out of the – out of the agency for – on U visas, either in favor of or rejecting these applications, the district court issued an order saying you – this complaint is dismissed, and you may not amend with very fine – with two very, very narrow exceptions, which basically precluded us from updating the complaint to show that these – these things had actually happened. But that kind of goes to another question of should you be allowed to amend? Because so many things happened here where the regulations are issued, which seems to moot some of your claims, and some of the people were kind of grandfathered or mothered in to a degree. Yes. So those named plaintiffs kind of go by the wayside. That's correct, Your Honor. But so we have to sort through all of this to get to zero other than maybe you have some new clients that might be able to allege certain things. Yes. Frankly, much of this could have been solved or avoided. Does your case boil down to – well, but here's where we are.  We've spent all this time. We've gotten to the Ninth Circuit, and time went by, and now you have some new clients. Does it all boil down to whether you should be allowed to amend? In many ways, on many claims it does, Your Honor. On several, it doesn't, because those – we did have plaintiffs who had, for example, with respect to the law enforcement certifications, which the D.H. agencies essentially refuse to issue outright. Those claims, I think, we have properly represented here. They haven't been bypassed by the flow of events. But in a good number of these cases, you're exactly right. We should have been permitted to amend, just as this Court held in the Catholic Social Services case. We should have been permitted to amend to show that, yes, under this changed factual landscape, we are – we do have people who are suffering these injuries concretely, and this case ought to be able to go forward on behalf of them and those who are similarly situated. Well, it seems to me you had two – maybe I'm misunderstanding this, but there were two kinds of claims, Alij, roughly. There was the you haven't drafted the regulations type of claim. And those are now moved. For better or for worse, there are regulations now in place. And so that part of the case is gone. Correct. And you're not claiming otherwise. Correct. We're challenging the lingering effects of that delay, but yes. And then the other part of the claim is we are entitled under the statute to – I still don't know what this is called, adjustment of status or change of visa or whatever it is. It's adjustment of status. There's two stages. One is you apply for the U visa, and the other is you apply for the adjustment of status. I'm just trying to – generically, it's adjustment. One time it's adjustment of status, and we're not getting it. And we're not getting it either because there's some defect in the procedures or they got the facts wrong or because the regulations that are now in place are defective. You know, here's the problem. You've given a couple of examples of the – and I'm just wondering, that kind of challenge can be raised when they go and try to get a adjustment of status and get denied, and then let's say it gets denied because of the regulations. They can say, look, the regulations are defective. Why isn't that the appropriate way to raise that kind of challenge? And at that point, we know exactly. You have a petitioner, and let's say he has a certification that's two years old, and they say we reject your adjustment of status because the regulations say six months. Yours is two years. Or they say, we think that DHS should – I'm sorry, not DHS. CIS. I get it mixed up. Should have issued a certification. They have a policy against it. Correct. We didn't get one. And then you can sort of adjudicate it and focus in on specific case where specific relief is denied. In a way, we don't really know how these regulations are going to be applied, whether when they say six months, they mean, you know, 180 days, and if it's 181 days too bad, we reject it, or whether they're going to be generous about it, or – and all of this stuff, I just have this feeling that we're trying to – you're asking us to rule on things in the abstract. I think there's two answers to that, Your Honor. One is that, as I pointed out earlier, there are concrete cases where this has happened. And what I think you're essentially suggesting is that the people who are grieved by this ought to exhaust their administrative remedies. That's the law. The – but the law, I think, is quite clear, is that these appeals, were they to be denied either adjustment of status or new visas, their appeal would be the administrative appeals office. That's an administrative appeals unit within the – within CIS. It's very clear, and they have held repeatedly, that they do not have the authority to overrule a regulation. The regulations themselves are quite clear. There's not a lot of ambiguity. But then they can come to Federal courts from there. They get whatever relief they get or don't get, and then they would do exactly what we're trying to do here. So the question becomes – But you would then have an administrative decision. I mean, let's take – in your complaint, I think you say, well, Silva's denied this certification by DHS, correct? Yes. Okay. So she – There's no appeal from that. Okay. So she's denied the certification. So they exercise their discretion to say, you're not going to get it. That's correct, and as they have done. Okay. And we wouldn't have jurisdiction to review that discretionary determination, correct? Well, the district court would have jurisdiction to rule whether that requirement itself is a violation of the statute, not how the statute is applied. But if the agency is doing something, has an overall policy, has adopted a regulation that's in violation of the statute, then certainly that's the bread and butter of what the district court would do. The only question, it seems to me, is whether an individual in that circumstance would first have to undergo or try to exhaust what is – which is legally a futile remedy of appealing to an administrative body that says we don't have any jurisdiction to undo or to violate the regulations. So therefore, there really is no alternative. There's no advantage to wading through that. And that's what people always say when they don't want to go their administrative route, is – see, I'm having a little trouble because let's just take a concrete person, which seems to be the only person standing, so to speak, after all this, is Silva. So Silva's been denied a certificate. And you're saying, well, the regulations that permitted that denial are unconstitutional or at odds with – I mean, what is the claim? They're at odds with the statute. The statute does not require – well, in the case of – there's another claim here, which is that the statute – Sotomayor, just tell me what the problem is with the regulations. The statute itself directs the promulgation of regulations implementing a particular type of certification authority. The statute gives immigration officers the authority to issue these law enforcement certifications. Our allegation is that the defendants in this case have simply refused to exercise that jurisdiction. They don't have any regulations on it. And as a practical matter, in real life, they never issue them. Now, the difference between exercising discretion, which might be something that is committed to their prerogative and subject to limitations on judicial review, is one thing. And on the other hand, you have a refusal to exercise discretion at all. I mean – Isn't that an exercise of discretion? And you're saying, well, just because they say no to a lot of people, then they are abdicating their discretion. If they say no to everybody, then they have a blanket policy of not exercising discretion because they're just saying, we're just not going to issue these. And that is our allegation. In this particular case, that was the allegation that's in the complaint. We believe that the complaint has to be taken as it's written. The defendants essentially came in and started to say, well, that's not factually true, which essentially conflates standing and the merits into one undifferentiated mass. Kagan. You got these LECs, correct? And then the question was timing. Not from the Federal – not from the DHS agencies. They get them from local police. Local police are fine. But if DHS, like Customs and Border Protection, is the one that is investigating the crime, local police don't have anything to do with it, there is simply no way that anyone can get a law enforcement certification. That's our allegation. And is it your allegation because there's no regulations that tell you how to do it or because they have the authority and haven't exercised it? Both. Okay. No more questions. I will reserve whatever time I have left for rebuttal. Okay. Thank you. We'll hear from the government. May it please the Court. I'm Jeffrey Robbins for Defendants Appellees. To address a number of issues that came up during the course of my opponent's argument, I'd first like to discuss the issue of Your Honor's question about whether really what plaintiffs are seeking here is the opportunity to go back and amend the complaint and address why that would not be appropriate in this case. The Catholic Social Services case that plaintiffs rely on here is one that involves a putative class action. However, the case currently before the Court, while it began as a putative class action, is no longer in that posture. Plaintiffs attempted to bring a motion for class certification, and eventually they withdrew that motion for class certification. And so what's left before the Court are the claims of individual plaintiffs and the organizational plaintiffs named in the original complaint. And where those claims are either moot or no longer or not ripe, as the case may be, or where those plaintiffs otherwise lack standing, that is the end of this case for those individual plaintiffs. The claims of other putative plaintiffs are not before the Court and not necessarily for the Court to consider at this time. With regard to the question of law enforcement certifications, there's two separate issues that plaintiffs raise, raised in the district court and raised before this court. One is that of the regulations regarding the freshness of law enforcement certifications or the fact that a supervisor would have to certify ultimately a law enforcement certification. The other issue regarding law enforcement certifications is individual plaintiffs who claim that they were improperly refused law enforcement certifications. It appears on the face of these complaints and on the faxes, they've been discussed by both sides in the pleadings, that these aren't related, that the claims of the individuals who were denied law enforcement certifications weren't denied based on the scope of the regulations they challenge. And as Your Honor recognized, those claims that were, those law enforcement certifications that were denied, were denied in the discretion of the agency. And the statute specifically allows for the agency to exercise that discretion and pursuant to both the APA and section 1252a2b2. Kennedy, Mr. Robbins, let me kind of get a handle on this if I can. What is going on here is there's a statute which would grant U visa relief to victims of a crime who would be helpful to the government in the prosecution of those crimes. These people then would be entitled, meeting the other requirements, to the U visa. Is that right? Yes. Now, the agency says, well, you know, we don't know how these people would be helpful. The ones that ought to grant the certificates would be the law enforcement people that are dealing with the crimes. They would be in a position to know, and they could then issue the certification. Is that what happens? That's what happens in some cases. But the statute does reserve in other cases that the agency itself, that Homeland Security and its officers, could issue a law enforcement certification as well. Well, suppose the agency had the authority then to either issue its own certificate or to say, no, we want you to get this from law enforcement people. Would there be anything wrong with that? Nothing at all. They're allowed that discretion under the statute. Does the regulation then provide for that? The regulation provides a means for individuals to seek those law enforcement certifications. Because the claim is that the regulations did things they shouldn't have done in violation of the statute. Your position is, no, these are perfectly legitimate ways to interpret the statute and deal with it. Yes, that's correct. The claims of the individual plaintiffs as to why they were denied or what they feel is an impropriety of their being denied law enforcement certifications. That's four of the individual plaintiffs. They simply claim that they were wrongly denied law enforcement certifications. That is a different claim, just to be clear, from the regulations that plaintiffs challenge, which go to ultimately not the issuance of a law enforcement certification – well, part – they go – part and part go to the issuance of a law enforcement certification itself, but they ultimately go to an individual's eligibility to apply for adjustment of status. And so Judge Kuczynski had earlier equated all of the relief that plaintiffs are seeking with adjustment of status, but there are actually three forms of relief that the plaintiffs seek. The first is a U visa itself, and after three years in a U visa, adjustment of status, and after five years, an adjustment of status, naturalization. But our contention is that the regulations themselves are proper. However, the Court doesn't need, and should not, in fact, to get to that discussion, because in the first place, the claims alleged by a plaintiff in their complaint both in the third and sixth causes of action fail to state – well, they fail to allege a claim under the Administrative Procedure Act. The complaint, and when we're in a notice-pleading system, alluding to the argument – In what way do they fail to allege? They merely allege that there's a cause of action under the Declaratory Judgment Act, Federal Question Jurisdiction, and the Immigration and Naturalization Act itself. They nowhere allege a cause of action under the Administrative Procedure Act. And – So this – they're alleging a private cause of action under the statute? That – that appears to be the case. In fact, in their other claims, they specifically raise causes of action under the APA, and for whatever reason, the complaint chooses not to do that with regard to these claims. And in the first instance where they don't raise a claim under the APA, and where the district court judge was correct in finding that these claims don't come to a private right of action, the discussion of the propriety of the regulations isn't – Let's take the regulatory requirement that this – that these certificates be signed by a supervisor. The statute – the regulation provides that, right? Yes. And they're saying under the APA, we challenge the regulation because that requirement is – it's not supported by the statute. It's not a reasonable interpretation of the statute. Now, that doesn't require a private cause of action. All it requires is a – the Administrative Procedure Act and bringing a claim in a timely fashion to challenge regulation for invalidity. I agree. And in the first place, that, I acknowledge, is the claim that plaintiffs likely should have brought. But it isn't the claim that they brought in their complaint. They didn't raise that challenge under the APA. They don't generally claim a cause of action under the APA. And as you go through their specific causes of action in the complaint, they nowhere allege a specific cause of action under the APA. They only allege a cause of action under Federal question, declaratory judgment, and the INA itself. And so in the first place, that – that question of the propriety of the regulations wouldn't be required. Should they be allowed to amend to raise that allegation? I'm a little fuzzy about the timing, but my impression was that one of the reasons was that at the time they brought the complaint, these regulations didn't exist. So they – there's nothing for them to challenge. Now the regulations exist, and they want to say, okay, now we've got regulations, and one of the things – I mean, just as an example is that they require a safety supply supervisor. So we want to go back and amend to raise a claim under the APA, challenging the – that requirement. Well, they shouldn't be allowed to amend for – Should? Should not, for at least two reasons. The first is there was an initial complaint and then a first amended complaint, and that is the – the operative complaint before the court, the first amended complaint. And that amended complaint occurred after the regulations for the U visas themselves were promulgated, which raised the supervisor requirement and the 60-day requirement. The second reason why, even if that didn't persuade the court why they should not be allowed to amend, is there's no individual plaintiff that in fact alleges that they were denied a U visa or can show that they were denied a U visa because of the effect of these regulations. And so there's no injury alleged among any organizational or any individual plaintiff regarding these regulations that they're challenging. So we have amorphous claims in the complaint about potential violations of law, but those claims don't match up with the allegations of individual or organizational plaintiffs. How about the claim that they might be technically exercising their discretion, but the reality is of a blanket policy to never issue these. And therefore, if you don't let them bring that challenge, you basically bury any legitimate claim or challenge against their blanket refusal. Well, the individual. I mean, I think that's their last claim, maybe. Is Your Honor referring to the last claim in the complaint? The fourth cause of action. The third and the sixth are their private cause of action, I think. I guess it's their fourth claim where they basically say, well, it's really a failure to exercise because if the answer is always no, you're not exercising discretion. That's how I heard the complaint on that point. And that is alleged in the complaint to some extent, though it's not clear how the claims of four individuals amount to a broad policy or practice of failure to exercise discretion. They might have more facts to support it and say we were denied it and, you know, we've got other facts to show that this is a base of a policy, somebody told us. And in the course of pleading before the district court on the first amended complaint, when plaintiffs initially presented their facts, they alleged some systematic violation, and the government came back and suggested that, no, the various individual claims were first denied by Customs and Border Patrol because they weren't investigating the incidents involving three of the plaintiffs themselves, that Mr. Vargas-Silva himself was ultimately refused. The government refuted that to some extent, and it's at that point that the plaintiffs had the opportunity to present further evidence under Rathfield-Seldon, and they did not. They offered no additional facts or evidence. What kind of claim is this, the policy claim, they have a policy of not issuing certificates? Is that an APA claim? Well — It's not really a challenge to the regulations, right? It's a challenge to a practice by the agency. There's nothing about the regulations that prohibits issues of certificates by the agency, right? Correct. I believe that. There's nothing — I think that was a question Judge Thompson was discussing with opposing counsel. The agency can do it. Their claim is there's nothing in regulation that prohibits it. The claim they now raise is, but as a matter of internal agency policy, they never do. That's their allegation. And I'm just wondering what kind of claim that is. Well, they bring it as a claim under the APA, but where there is ultimately discretion. It sounds more like a constitutional claim to me, but they don't allege it under the Constitution, Your Honor. They fail to state that claim. So is it an arbitrary and capricious grounding? If we were to attempt to read the claim into their complaint, it would be viewed as one that's arbitrary and capricious, but where the statute specifically precludes judicial review over discretionary actions, the challenge to an egregious abuse of discretion itself wouldn't come under the APA. It would be some other cause of action that they haven't alleged. Have many of the individual plaintiffs actually sought adjustment of standards and been denied? I'm not aware of that, Your Honor. I can provide further information if the Court wishes. My understanding is, at least with regard to U visas, that all but the four individuals who were denied law enforcement certifications, that everyone else has been granted an actual U visa and is currently in the course of seeking adjustment of status. And if there is a denial, it would be treated just like denial of adjustment of status under any other immigration laws, right? They would come to the court of appeals, not to the district court. Do you know the answer? In most cases, yes. If it was raised in the course of their removal proceedings, which the government argues would be a requirement for individuals denied of adjustment of status, that they would be obligated to raise it in the course of their removal proceedings. But if they raise the fact that DHS exercised its discretion not to issue the LEC, doesn't that precisely fall within some of those many statutes we have that say we wouldn't have jurisdiction over that? In that case, yes. So what we have is an individual who's denied a law enforcement certification, and this is what I believe Mr. Vargasilva alleges, is unable by statute to be granted a U visa. And because they're unable to get a U visa by statute, they're unable to accrue three years in U visa status to get to adjustment of status. But where the very initiating decision, the denial of a law enforcement certification, is statutorily prescribed to agency discretion, that specifically with regard to the agencies of Homeland Security where they may issue a law enforcement certification, that combined with section 1252A2B sub 2 of the Immigration and Nationality Act precludes jurisdiction to review. And it may be a harsh result, but it is the result that Congress intended, and it is a result that comports with. It doesn't preclude the review as an error of law. I'm sorry. It's only the discretionary decision that is nonreviewable. If there is an error of law in the process, that is reviewable. Correct. However, the the. Like if they raised it, a colorable due process claim in some sort. They would likely have review someplace over that. Most likely and ultimately in the court of appeals pursuant to a petition for review, but it would depend on the individual facts. So why would the claim, we didn't get a certificate, which is discretionary and nonreviewable, but we didn't get a certificate not because it was a discretionary decision made, but because agency says, has a policy of never issuing certificates. Why wouldn't that be an error of law? And if that's true, that would violate the statute. Why wouldn't that be a kind of thing that you could review? That strikes me as a legal question that could be reviewed. I don't see that as a legal question. I see it as a question in each individual case of that agency's exercise of jurisdiction. However, to the extent they raise it on a broader basis, not under the APA, but as a more egregious, possibly constitutional violation, while we don't ultimately think that there is a colorable allegation that could be raised. Let me make it more concrete for you, just so you see. Let's say they are alleged as a policy that anybody who is Asian will not get one of these things. It's basically a straight race-based policy. So if you come from Hungary or a place like that, fine, we'll probably give you a certificate, but not if you're Asian. Now, that would be a legal issue, wouldn't it, as to whether or not the agency can adopt a racially based policy to deny these things on a blanket basis to people based on their race, right? Yes, but I don't believe it would be properly brought under the Administrative Procedures Act, which ---- No, no. I'm asking, could it be brought from the denial of adjustment of status? Say there's a defect in the process. The defect was we denied this certificate at the very beginning, and the denial  Yes. If the denial was not based in discretion but was based on a legal ground, there would be ---- The same thing would be true to say they have a policy of not exercising discretion. They have a policy of denying them to everybody. It's really no different, right? That's correct. Okay. If you have no further questions, the government would ask that the Court affirm the district court's dismissal of this complaint on all grounds. Thank you. We'll give you a minute or so for rebuttal. Okay. I have one practical question on your amendment. Is there anything throughout this litigation that would have precluded you from starting a new lawsuit on behalf of these recently emerged plaintiffs? Well, this complaint is dismissed with prejudice on claims that we would be raising in a new lawsuit. For different people. For different people. That's true. I mean, so, I mean, it seems to me odd that ---- it always seems to me odd when you could just go out and start a lawsuit that people come all the way to the court of appeals and wonder if they might amend this lawsuit for different plaintiffs, not for a class. The problem, Your Honor, is that there are a number of things in this district court's holding. For example, the requirement that we have a private right of action when we're set of plaintiffs. So there are a number of claims here that are not so easily resolved by simply starting a new lawsuit. So if you added a new person, you wouldn't get a ---- if you don't have a private right of action, it wouldn't matter whether you added a new person or these guys, right? Exactly. Yes. So that's irrelevant. So then what about the ones where they might have different facts? Well, if they have different facts and the issue is whether we can allege those bring new people in, then fine. It seems to me that amending the complaint is simply just as easy, and we ---- but we do have to, I think, address some of these broader legal issues that the court ---- district court held, which would preclude anyone from coming forward and raising these claims. If I might just ---- I see that my time is up. I just wanted to make a couple of points in response to some of the questions that were ---- the Court asked. One is that this issue of law enforcement certification, I think Judge Thompson was thinking that, well, you can't get it from the DHS agencies, you should be able to go and get it from one of the local law enforcement agencies. The statute says it's the agency that investigates. And so what our claim is limited to is where it's a Federal agency, law enforcement, usually Customs and Borders Protection, that's investigating these claims. There are no State law enforcement involved. And so the only place you can go is to the DHS agencies, and they have a blanket policy that isn't giving them to anybody. As far as the APA is concerned, there is no requirement that we allege a specific APA as a basis in the complaint. McCalvin v. California Library Association establishes that. It's at 955 Fed. 2nd, 1214. This is a Ninth Circuit case from 1992. It's the facts that are in the complaint, not whether we allege the APA. So there's no reason to toss this case because we missed saying the APA in that On the cause of action for the blanket denial of no law enforcement certifications by Federal agencies, we do allege in the complaint's sixth cause of action that that's a due process violation as well as a statutory violation. As far as being able to take these cases up if they're denied and present them on a petition for review, these are applications for affirmative immigration benefits. They are not defenses to deportation or removal. They may not be raised on a petition review. The only place to raise them is in an affirmative district court action. Thank you. I'm sorry. Why wouldn't they be? You couldn't raise them? Because they're, first of all, someone applies for a U visa. They can't even apply for one if they don't have a law enforcement certification. So there's no decision that actually says you're denied. They say we're not going to take this application because it's like a fundamental requirement of the application that you have a law enforcement certification. So therefore, there's not going to be any formal denial. It's just going to say we're going to reject your application because you don't have the requirements, because you don't have your law enforcement certification. Secondly, there's no requirement anywhere that someone denied a U visa for any reason be put into a deportation or removal proceeding. That might happen. It might never happen. And so what we're seeking here is an affirmative application for an immigration benefit that people have a right to a fair decision on. They may never receive judicial review if they're forced to wait a petition for review because they may never be put into removal or deportation proceedings. Is there anything, if we were to affirm the district court, is there anything that precludes your clients from bringing a new claim based on the new regulations? Well, yes, there is, Your Honor, because the district court held in this case that there is no private right of action in many of these, as for some of these claims. If there's no private right of action, it doesn't matter who's in front of the court. No one has a private right of action. That's a question of law that now blocks people, all new plaintiffs, from coming forward and presenting these claims. As long as that stands, there's no way we can simply start over again. There has to be some way of this Court resolving that question of law before anyone else can raise many of these claims.  Thank you. The case is ayed. You may stand for a minute.
judges: Kozinski, Thompson, McKeown